IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MICHAEL SEMPLE,

    Plaintiff,

vs.      CIVIL ACTION NO.: CV607-061

STATE OF GEORGIA, JUDICIAL
SYSTEM, and DEPARTMENT OF
CORRECTIONS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts a myriad of complaints relating to the conditions of his confinement, including a claim that he is being improperly housed and has sustained "injuries, neglect and abuse." (Doc. No. 1, p. 7). Plaintiff seeks compensation of $3.8 million from the State of Georgia, the "judicial system," and the Department of Corrections.

Plaintiff's Complaint is due for dismissal, as none of the Defendants named are "persons" within the meaning of § 1983. First, Plaintiff names the State of Georgia as a Defendant to this action. However, the State is immune from § 1983 damages claims under the Eleventh Amendment. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309-10, 105 L. Ed. 2d 45 (1989). Congress did not abrogate this immunity under § 1983, nor has the State waived its immunity. Id. at 66-67, 109 S. Ct.

at 2309-10. This immunity extends to governmental entities such as the Georgia Department of Corrections and the "judicial system," because they are "arms of the state." Id. at 70, 109 S. Ct. at 2312; Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989).

Accordingly, because Plaintiff has only named as Defendants entities which are immune to suit, his Complaint should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED** this 5th day of December, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE